### MARY F. SCOTT v. B. L. KELLUM.

*Disputed Boundary, Establishment—Answer—Practice.*

Where, in a proceeding to establish a boundary line under chapter 22, Acts of 1893, which requires the answer only to contain a denial of the line set out in the petition, the defendant filed an affidavit entitled in the cause and denying fully and unequivocally the correctness of the line as claimed by the plaintiff; *Held* that, while such practice is not commended, such affidavit should be treated as an answer although its original purpose was to obtain time to file a formal answer in which might be incorporated the results of a survey which defendant proposed to have made.

SPECIAL PROCEEDING, heard before *Boykin, J., at Chambers*, in Clinton, on appeal from the ruling of the clerk of the Superior Court of ONSLOW county. His Honor reversed the judgment of the clerk and the plaintiff appealed. The facts appear in the opinion of Associate Justice MONTGOMERY.

*Messrs. Battle & Mordecai*, for plaintiff (appellant.)

*Messrs. R. O. Burton* and *B. M. Gatling*, for defendant.

MONTGOMERY, J.: This was a proceeding under Chapter 22, laws of 1893, to have established a disputed boundary line between the lands of the plaintiff and those of the defendant. On the return of the summons the defendant filed an affidavit the object of which was to procure time to file his answer. In the affidavit he stated that in the time he might be allowed he desired and intended to have a survey made of the disputed line and to get other information about it, and incorporate the same in his answer. The affidavit further contained a full and unequivocal

denial of the correctness of the line claimed by the plaintiff and an allegation as to where he thought the true line was set out in a legal and orderly way as follows:
*Affidavit of Defendant:*

Banister L. Kellum, the defendant, being duly sworn in the above-entitled proceedings, makes oath:

1. That the true location and bed of Mill Run, or that part of Mill Run which the plaintiff claims to be a boundary [between] her and the defendant, Banister L. Kellum, is not where it is alleged to be in the third (3) article of the plaintiffs petition or complaint. That from the marked Gum and Pine near the point where Mill Run crosses the public road, called for as one of the termini of the line alleged to be in dispute as set out in article 3, for the distance of about 200 yards down said Mill Run, this defendant does not understand to be in dispute, if located where he thinks it is, but the remainder of said line is in dispute, and is not where it is claimed by the plaintiff to be, but said Mill Run, from said point about 200 yards from said terminus near the public road, to its mouth or very near its mouth, is to the north or northeast of said alleged location, making a slice or piece of land in dispute of about four acres, to this defendant's best belief."

At the end of the time allowed to the defendant to file his answer, none having been put in, the plaintiff moved after notice to defendant for judgment to have her line established according to her petition on the ground that defendant had failed and neglected to file an answer. The defendant opposed the motion insisting that the affidavit was a sufficient answer for the reason that it denied the location of the line as claimed in the petition, and praying the clerk to be allowed to use it as an answer. The clerk gave the plaintiff judgment according to the petition. Judgment was reversed by *Judge Boykin* on the defend-

ant's appeal and the matter remanded to the clerk to the end that an order of survey be entered and the merits of the controversy be determined.

All that the Act requires for the answer to contain is a denial of the line set out in the petition. The affidavit entitled the cause and made as explicit denial of the location of the line set out in the petition as was possible to have been made if the fullest answer had been filed. It is most probable that after the filing of the affidavit the defendant learned that the survey which he affirmed he wished to have made and inserted in his answer was superfluous work, as under the law the surveyor would run the line and make the survey. The clerk should have allowed the defendant to use his affidavit as an answer, for it was all the Act required and a full and complete denial on every point required by law of the plaintiff's petition. Such pleading is not to be commended and in few instances only would it be allowed ; but in the present matter and for the reason given we deem it sufficient. The issue and the only issue was squarely and clearly raised by the petition and affidavit and substantial rights were involved. There is no error in the order reversing the order and judgment of the clerk and that officer will proceed with the matter under the direction of his Honor's order.

Affirmed.